(C.D. 3789)

Martel Electronics Sales, Inc. v. United States

United States Customs Court, Second Division

(Decided April 16, 1969)

*Stein & Shostak* for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General, for the defendant.

Before Rao, Ford, and Newman, Judges

Ford, Judge: The above case has been submitted for decision upon a written stipulation entered into by and between counsel for the respective parties which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, as to merchandise covered by the protest enumerated in the annexed Schedule which is incorporated herein:

1. That the merchandise represented by the items marked "A" and initialed NMG by Norman M. Guillow on the invoices accompanying the entry covered by the protest enumerated in the attached Schedule, assessed with duty at 15% ad valorem under Item 685.50 of the Tariff Schedules of the United States and claimed to be properly dutiable at only 10% ad valorem under Item 678.50 of said Schedules, consists of tape player-radio combinations which:

a) are more than tape players;
b) are more than radiotelegraphic and radiotelephonic transmission or reception apparatus, radiobroadcasting or television transmission or reception apparatus, television cameras, record players, phonographs, tape recorders, dictation recording or transcribing machines, record changers, tone arms, or combinations thereof;
c) are mechanical devices which utilize, apply or modify energy; and
d) are not specially provided for in said schedules.

2. That this protest may be deemed submitted on this stipulation and the record thus made.

Accepting the foregoing stipulation of fact, we find and hold that the items of merchandise marked "A" and initialed on the invoice by designated import specialist consist of tape player-radio combinations. Therefore the claim in the protest that said merchandise is properly dutiable at the rate of 10 per centum ad valorem under the provisions of item 678.50, Tariff Schedules of the United States, as machines, not specially provided for, is sustained.

Judgment will be entered accordingly.